**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED

JAN 18 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DAWN M. PERROTTA, on behalf of
S.J.P., a minor,

          Plaintiff,

v.                                    Civil Action No. 2:10cv627

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

          Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The plaintiff, Dawn M. Perrotta, on behalf of S.J.P., her minor son, brought this action under 42 U.S.C. § 1383(c)(3), and, as incorporated by reference, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying S.J.P.'s claim for supplemental security income benefits under Title XVI of the Social Security Act (the "Act").

This action was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), by order of reference filed May 17, 2011. For the reasons expressed herein, the Court RECOMMENDS that the Commissioner's decision be VACATED and the case be REMANDED for further proceedings.

### I. PROCEDURAL BACKGROUND

On May 4, 2009, Perrotta filed an application for supplemental security income ("SSI") benefits on behalf of her minor son,

S.J.P., alleging an onset of disability as of August 30, 2002, due to attention deficit hyperactivity disorder (ADHD), bipolar disorder, and depression. R.[1] 115-47. S.J.P.'s application was denied by the Social Security Administration initially on September 30, 2009, and on reconsideration on November 9, 2009. R. 57-73.

Ms. Perrotta requested a hearing before an Administrative Law Judge ("ALJ") of the Social Security Administration, which was held on May 6, 2010. R. 28-56, 91-95. Ms. Perrotta appeared and testified on behalf of her son at the hearing, without the assistance of an attorney or other representative. R. 57-73. Ms. Perrotta was the only witness who testified at the hearing. See id.

On July 2, 2010, the ALJ issued a decision. R. 5-27. The ALJ found that S.J.P. was not entitled to SSI benefits because he was not under a disability as defined by the Act. R. 23. Specifically, the ALJ found that S.J.P. did not have an impairment or a combination of impairments that resulted in either "marked" limitations in two domains of functioning or "extreme" limitations in one domain of functioning. Id. On August 13, 2010, Ms. Perrotta requested review of the ALJ's decision by the Appeals Council of the Office of Hearings and Administration (the "Appeals Council"). R. 4. The Appeals Council denied review on November 5,

---

[1] "R." refers to the certified record of administrative proceedings relating to this case (ECF No. 13), filed under seal pursuant to Local Civil Rule 7(C)(1).

2010.  R. 1-3.  This makes the ALJ's decision the "final decision" of the Commissioner subject to judicial review here, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  20 C.F.R. § 416.1481.

Ms. Perrotta brought this action on behalf of her son, seeking judicial review of the decision of the Commissioner denying S.J.P.'s claim for SSI benefits.  Ms. Perrotta filed a motion to proceed in forma pauperis, together with a copy of her proposed complaint, on December 22, 2010.  ECF No. 1.  On December 30, 2010, the Court granted the motion and directed the Clerk to file her complaint.  ECF Nos. 2-3.  The defendant answered the complaint on May 12, 2011.[2]  ECF No. 12.  Ms. Perrotta filed a motion for summary judgment on July 20, 2011.  ECF No. 19.  The defendant responded to the plaintiff's motion and filed its own motion for summary judgment and supporting memorandum on August 17, 2011.  ECF Nos. 20-21.  Ms. Perrotta filed a response to the defendant's motion for summary judgment, together with several documents she contends were submitted to the Appeals Council but omitted from the certified administrative record filed with the Court.  ECF No. 25.  The defendant filed a motion for leave to file a rebuttal brief, a supporting memorandum, and a copy of the proposed rebuttal brief on October 5, 2011.  ECF Nos. 26-27.  Without first obtaining leave, the plaintiff filed a response to the defendant's rebuttal brief on

---

[2] In the interim, the defendant filed a motion to dismiss the complaint on March 18, 2011, which was denied on April 25, 2011. ECF Nos. 5, 11.

October 26, 2011.[3]  ECF No. 28.  The Court granted the defendant's motion for leave and directed the Clerk to file the rebuttal brief on November 1, 2011.  ECF Nos. 29-30.  As neither party in this case has indicated special circumstances requiring oral argument in this matter, the case is deemed submitted for decision based on the motion papers and memoranda.  See Local Civ. R. 7(J).

## II. FACTUAL BACKGROUND

S.J.P. was a 13-year old minor at the time of the ALJ's decision in this matter, enrolled in the seventh grade.  R. 11, 38. Under Social Security regulations, S.J.P. is considered an adolescent.[4]  See 20 C.F.R. § 416.926a(g)(2)(v).  He was diagnosed with ADHD in August 2002, at the age of five.  R. 57, 66, 141.  He was apparently diagnosed with bipolar disorder at some point in 2007, when he was nine or ten years old.  Id.  He was formally diagnosed with a learning disorder by a state disability determination services consulting physician during the evaluation of his claim for SSI benefits in September 2009, at the age of

---

[3] Although filed without leave of Court, in light of the plaintiff's pro se status, the Court has considered the contents of Ms. Perrotta's response to the defendant's rebuttal brief. Accordingly, the Court construes Ms. Perrotta's response (ECF No. 28) as both a motion for leave to file a supplemental response and a proffer of the same, and that motion is GRANTED.

[4] At the time of his application, S.J.P. was just days short of his twelfth birthday.  Thus, for a very brief time during the relevant period, he was classified by Social Security regulations as a school-age child.  See 20 C.F.R. § 416.926a(g)(2)(iv).

twelve. R. 297. Ms. Perrotta alleges that S.J.P. has been disabled since his diagnosis with ADHD in August 2002.

## III. <u>STANDARD FOR REVIEW OF THE COMMISSIONER'S DETERMINATION</u>

The Commissioner held that S.J.P. was not under a disability within the meaning of the Social Security Act. Under 42 U.S.C. §§ 405(g) and 1383(c)(3), the scope of judicial review of the Commissioner's final decision is specific and narrow. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986). Ordinarily, this Court's review of that decision is limited to determining whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g); <u>Hunter v. Sullivan</u>, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam); <u>Hays v. Sullivan</u>, 907 F.2d 1453 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Hunter</u>, 993 F.2d at 34 (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. <u>Id.</u> (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)).

The Commissioner has the duty to make findings of fact and resolve conflicts in the evidence. <u>Hays</u>, 907 F.2d at 1453 (citing <u>King v. Califano</u>, 599 F.2d 497, 599 (4th Cir. 1979)). The Court does not conduct a <u>de</u> <u>novo</u> review of the evidence nor of the Commissioner's findings. <u>Schweiker</u>, 795 F.2d at 345. In reviewing

for substantial evidence, the Court does not undertake to re-weigh conflicting evidence, to make credibility determinations, or to substitute its judgment for that of the Commissioner. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Hays, 907 F.2d at 1456). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the Commissioner's designate, the ALJ)." Craig, 76 F.3d at 589 (quoting Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). The denial of benefits will be reversed only if no reasonable mind could accept the record as adequate to support the determination. Richardson v. Perales, 402 U.S. 389, 401 (1971). The issue before the Court, therefore, is not whether S.J.P. is disabled, but whether the Commissioner's finding that S.J.P. is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. See id.; Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ("[A] factual finding by an [ALJ] . . . is not binding if it was reached by means of an improper standard or misapplication of law.").

## IV. THE ALJ'S DECISION

With respect to children under the age of 18, the Social Security regulations consider an individual to be "disabled" if he

or she has "a medically determinable physical or mental impairment[5] or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906; see also 42 U.S.C. § 1382c(a)(3)(C)(i). A child has "marked and severe functional limitations" if he or she has an impairment or combination of impairments that "meets, medically equals, or functionally equals" the listings found at 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. § 416.902; see also id. § 416.911(b). However, "no individual under the age of 18 who engages in substantial gainful activity[6] . . . may be considered to be disabled." 42 U.S.C. § 1382c(a)(3)(C)(ii); see also 20 C.F.R. § 416.906.

## A. The Three-Step Sequential Analysis

The Commissioner follows a three-step sequential analysis to ascertain whether a child is disabled and therefore eligible to receive SSI benefits. See 20 C.F.R. § 416.924(a). Under this process, the ALJ must determine in sequence:

---

[5] "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D); see also 20 C.F.R. § 416.908.

[6] "Substantial gainful activity means work that . . . [i]nvolves doing significant and productive physical or mental duties; and . . . [i]s done (or intended) for pay or profit." 20 C.F.R. § 416.910.

(1)  Whether the child is engaged in substantial gainful activity (i.e., whether the child is working). If so, the child is not disabled and the inquiry is halted. <u>Id.</u> § 416.924(b).

(2)  Whether the claimant has a medically determinable impairment or a combination of impairments that is severe (i.e., whether the child has an impairment or combination of impairments that cause "more than minimal functional limitations"). If not, then the child is not disabled and the inquiry is halted. <u>Id.</u> § 416.924(c).

(3)  Whether the impairment or combination of impairments meets, medically equals, or functionally equals the listings in 20 C.F.R., Part 404, Subpart P, Appendix 1, which describes impairments that cause marked and severe functional limitations. If so, the child is disabled. Otherwise, the child is not disabled. <u>Id.</u> § 416.924(d)

Within each of the individual listings considered at step three, the regulations specify the objective medical and other findings needed to satisfy the criteria of that listing. An impairment or combination of impairments <u>meets</u> a listing when it satisfies all of the criteria of that specific listing, and it meets the duration requirement (i.e., it is expected to cause death or has lasted or is expected to last for a continuous period of not less than 12 months). <u>Id.</u> § 416.925(c)(3); <u>see also id.</u> § 416.909

(duration requirement). An impairment or combination of impairments medically equals a listing when it is at least equal in severity and duration to the criteria of any listed impairment (e.g., the child exhibits all but one of the findings specified in a particular listing, but other related findings are at least of equal medical significance to the required criteria). Id. § 416.926(a), (b). An impairment or combination of impairments functionally equals the listings when it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." Id. § 416.926a(a).

In assessing functional equivalence, the Commissioner considers how the child functions in terms of six "domains" or broad areas of functioning intended to capture all that a child can or cannot do: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. Id. § 416.926a(b)(1). A child has a "marked limitation" in a domain when his impairment or combination of impairments interferes seriously with his ability to independently initiate, sustain, or complete activities; a "marked limitation" is more than moderate but less than extreme. Id. § 416.926a(e)(2). A child has an "extreme limitation" in a domain when his impairment or combination impairments interferes very seriously with his ability to independently initiate, sustain, or

complete activities; an "extreme limitation" is more than marked. Id. § 416.926a(e)(3). "Extreme limitation" is the rating given to the worst limitations, but it does not necessarily mean a total lack or loss of ability to function. Id.

In this case, the ALJ reached the third step of the sequence, at which point he determined that S.J.P. was not disabled. The ALJ first determined that S.J.P. had not engaged in substantial gainful activity since May 4, 2009, the date when S.J.P.'s application for SSI benefits was filed. R. 11. The ALJ next found that the medical evidence of record established that S.J.P. had severe impairments of ADHD and a learning disability, and that all other alleged impairments were non-severe. Id.

At step three, the ALJ evaluated S.J.P.'s impairments under Section 112.00 and Section 12.00 of the listings at 20 C.F.R., Part 404, Subpart P, Appendix 1. R. 12. The ALJ specifically considered listings 112.02 and 12.02, pertaining to organic mental disorders, and listings 112.08 and 12.08, pertaining to personality disorders, and made a general finding that S.J.P.'s impairments did not meet or medically equal any of the listings in Appendix 1. Id.

The ALJ then considered whether S.J.P.'s impairments, both severe and non-severe, functionally equaled the listings. In doing so, the ALJ followed the "whole child" approach set forth in Social Security Ruling 09-1p, which provides:

> The functional equivalence rules require us to
> begin by considering how the child functions every
> day and in all settings compared to other children
> the same age who do not have impairments. After we
> determine how the child functions in all settings,
> we use the domains to create a picture of how, and
> the extent to which, the child is limited by
> identifying the abilities that are used to do each
> activity, and assigning each activity to any and
> all of the domains involved in doing it. We then
> determine whether the child's medically
> determinable impairment(s) accounts for the
> limitations we have identified. Finally, we rate
> the overall severity of limitation in each domain
> to determine whether the child is "disabled" as
> defined in the Act.

SSR 09-1p, 2009 WL 396031, at *2 (Feb. 17, 2009). The ALJ

considered the evidence of record and presented detailed findings

with respect to S.J.P.'s limitations and their severity, domain by

domain. R. 12-23. Ultimately, the ALJ concluded that S.J.P. had:

(a) a marked limitation with respect to the domain of attending and

completing tasks; (b) less than marked limitations with respect to

the domains of acquiring and using information, interacting and

relating with others, and caring for yourself; and (c) no

limitations with respect to the domains of moving about and

manipulating objects, and health and physical well-being. R. 16-

23. Having found that S.J.P. did not have an impairment or

combination of impairments that results in "marked" limitations in

two domains of functioning or an "extreme" limitation in one

domain, the ALJ concluded that S.J.P.'s impairments did not

functionally equal the listings at 20 C.F.R., Part 404, Subpart P,

Appendix 1, and therefore he was not disabled and not entitled to receive SSI benefits.

## V. ISSUES CONSIDERED ON APPEAL

A pro se litigant is entitled to a liberal reading of his or her pleadings. Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994). Moreover, the Court notes that "trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved." Bauer v. Comm'r, 97 F.3d 45, 49 (4th Cir. 1996).

> Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right "does not exempt a party from compliance with relevant rules of procedural and substantive law," it should not be impaired by harsh application of technical rules.

Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). It is with these principles in mind that the Court has construed the various pleadings submitted by the plaintiff in this case.

Ms. Perrotta appears to challenge that the ALJ's decision on the following grounds: (1) the Appeals Council erred in denying review on the basis of certain additional post-hearing evidence submitted by Ms. Perrotta, but omitted from the administrative record;[7] (2) the ALJ erred by permitting Ms. Perrotta to appear on

---

[7] See Pl.'s Mot. for Summ. J. ("I had sent in additional evidence [to the Appeals Council]. . . . The additional evid[e]nce

behalf of her son without an attorney;[8] (3) at step three, the ALJ erred by evaluating S.J.P.'s impairments based on listings pertaining to adults rather than children;[9] and (4) at step three, the ALJ erred by evaluating S.J.P.'s impairments based on the wrong listings.[10]

## VI. ANALYSIS

### A. Additional Evidence Proffered by the Plaintiff

In her motion papers, Ms. Perrotta describes certain "additional evidence" that she claims to have submitted to the ALJ

---

I sent in to the appeals council was not put into his file."), ECF No. 19; Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("I am including copies of reports I submitted as evidence that wear [sic] not put into [S.J.P.'s] file."), ECF No. 25; Pl.'s Resp. to Def.'s Rebuttal Br. ("All the evidence I submitted with my reply was evidence I previously submitted to the Appeals Council when I appealed the ALJ decision.").

[8] See Pl.'s Mot. for Summ. J. ("I also believe going to the hearing without legal council [sic] prevented my son from receiving a favorable decision."), ECF No. 19.

[9] See Compl. ("The [ALJ] . . . put [S.J.P.] in under codes that are for adults and not for a minor child."), ECF No. 3; Pl.'s Mot. for Summ. J. ("[T]he legal codes used were for an adult and not for a minor child."), ECF No. 19; Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("[T]he codes used were for an adult and not a minor."), ECF No. 25; Pl.'s Resp. to Def.'s Rebuttal Br. ("I also submitted the page from the ALJ decision that showed the codes for adult, not a minor."), ECF No. 28.

[10] See Compl. ("The [ALJ] denied my son['']s case on July 2, 2010[,] based on medical conditions that did not apply to my son . . . . He had based his decisions on conditions that did not apply to my son."), ECF No. 3; Pl.'s Mot. for Summ. J. ("[T]he ALJ base[d] his decision on illnesses that did not p[er]tain to my son."), ECF No. 19; Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("[The ALJ's] decision was based on the wrong disorders and codes. . . . "[H]is decision was based on the wrong disorders . . . ."), ECF No. 25; Pl.'s Resp. to Def.'s Rebuttal Br. ("The codes used for the illnesses [the ALJ] based his decision on had nothing to do with the illnesses that pertained to my son."), ECF No. 28.

and Appeals Council, but which was omitted from the certified administrative record filed in this proceeding. In support, she has attached copies of certain documents to her response to the Commissioner's motion for summary judgment, along with a copy of a CD containing a preliminary copy of the administrative record as it was provided to her prior to the ALJ hearing on May 6, 2010. See ECF No. 25 attach. 1.

Ms. Perrotta appears to have submitted the CD in an effort to demonstrate that certain evidence she presented to the ALJ was omitted from the administrative record. At the hearing, Ms. Perrotta presented the ALJ with school records, which were subsequently made a part of the record. See R. 32, 243-46. Ms. Perrotta also described an e-mail message from one of S.J.P.'s teachers that she had recently received, which the ALJ invited her to submit, and it too was ultimately made a part of the record. See R. 41-42, 54-55, 240. The CD submitted by Ms. Perrotta appears to be a preliminary copy of the administrative record, necessarily less than complete due to her submission of subsequent supplemental evidence. Ms. Perrotta does not identify any other evidence submitted to the ALJ that is not present in the certified administrative record before this Court.

Ms. Perrotta has also submitted 25 pages of documents that she contends were submitted to the Appeals Council but omitted from the

certified administrative record.[11]   Some of these documents are already part of the administrative record, but others do appear to be new to this matter.

### 1. Additional Evidence as a Motion for Prejudgment Remand

The Court first construes this submission of additional evidence to be a motion for a prejudgment remand pursuant to the sixth sentence of 28 U.S.C. § 405(g).  Ordinarily, under sentence four of § 405(g), this Court may affirm, modify, remand or reverse an ALJ's decision only on the basis of the pleadings and transcript of the record.  But under the sixth sentence of § 405(g), the Court may remand a Social Security case and "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g); see also Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985).  Evidence is new "if it is not duplicative or cumulative."  Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991) (en banc).  "Evidence is material if there is a reasonable

---

[11] The Court notes that Ms. Perrotta submitted a Request for Review of Hearing Decision/Order form on August 13, 2010.  R. 4.  Although the form instructs the claimant to submit any additional evidence with the form, there is nothing in the form or the rest of the record to suggest that Ms. Perrotta submitted any additional evidence.  Indeed, some of the evidence now proffered did not exist until some months later.

possibility that the new evidence would have changed the outcome."
Id.

Some of the proffered documents are duplicative. Ms. Perrotta submits a Speech/Language Assessment Report authored by Susan White, CCC-SLP, and dated February 3, 2003, but a copy of this same report can be found in the certified administrative record. Compare ECF No. 25 attach. 1, at 3-4, with R. 264-65. Ms. Perrotta also submits a Psychological Evaluation authored by Kathleen Dring, Psy.D., and dated September 28, 2009, but a copy of this same report can be found in the certified administrative record. Compare ECF No. 25 attach. 1, at 13-17, 25, with R. 293-98.

Many of the proffered documents are cumulative. Ms. Perrotta submits a number of documents related to the testing performed by Susan White, the results and an analysis of which are set forth in Ms. White's report. See ECF No. 25 attach. 1, at 1-2, 5-9; see also R. 264-65 (Ms. White's report). Moreover, none of these cumulative documents are material: At most, they document that, more than six years before filing his application for SSI benefits, testing determined that S.J.P. possessed below-average expressive vocabulary skills, with otherwise average language skills. Ms. Perrotta fails to articulate any reason why consideration of this dated information would change the outcome of the ALJ's decision, particularly when the administrative record contains recent school reports documenting more serious deficiencies.

The rest of the documents proffered by Ms. Perrotta are simply not material.  She submits several documents pertaining to school disciplinary action taken against S.J.P. in October 2010, more than three months after the ALJ's decision was entered, and thus outside the relevant time period.[12]  ECF No. 25 attach. 1, at 10-12.  She submits an undated Psychological Evaluation by J.D. Ball, Ph.D., prepared at least two months after the ALJ's decision was entered, and thus outside the relevant time period.[13]  ECF No. 25 attach. 1, at 18-24.  Finally, she references a podiatrist report, but fails to attach the report or explain how it would change the outcome of the ALJ's disability determination.[14]

---

[12]  The Court notes without ruling that, although these documents are outside the relevant time frame on appeal from the July 2, 2010 ALJ decision, they may be relevant and admissible with respect to any subsequent ALJ decision entered on remand.  See Seavey v. Barnhart, 276 F.3d 1, 13 (1st Cir. 2001) ("Unlike sentence six, sentence four does not contain any statutory limits on the ability to supplement the record on remand.").

[13]  In his report, Dr. Ball concluded that S.J.P.'s prior diagnosis of ADHD did not fully explain his recent behavior problems.  Dr. Ball diagnosed S.J.P. with bipolar disorder and recommended "treatment options that go beyond medication for ADHD."  ECF No. 25 attach. 1, at 23-24.  The Court recognizes that "[p]sychiatric illnesses . . . tend not to strike like lightning, they are progressive, and for that reason are often particularly well-suited to retrospective diagnosis, especially where a psychiatric record has been maintained."  Adorno v. Halter, No. 99 CIV 2758, 2002 WL 59422, at *3 (S.D.N.Y. 2002); see also Wilkins, 953 F.2d at 96 ("This court has recognized that a treating physician may properly offer a retrospective opinion on the past extent of an impairment.").  But there is nothing in Dr. Ball's report to suggest that it is intended as anything but a contemporaneous evaluation of S.J.P.'s psychological status.

[14]  See Pl.'s Resp. to Def.'s Rebuttal Br. ("The exam from a podiatrist showing what was causing the problems with [S.J.P.'s]

Accordingly, the Court FINDS that the additional evidence proffered by the plaintiff is not new and material, and therefore, the plaintiff has failed to establish grounds for a prejudgment remand pursuant to sentence six of 42 U.S.C. § 405(g).

## 2. Additional Evidence as an Assignment of Error

The plaintiff's submission of additional evidence may be construed alternatively as an argument that the Appeals Council's order denying review of the ALJ's decision was not supported by substantial evidence because it was reached based upon a misapplication of law. The Social Security regulations provide that the Appeals Council is only required to consider new and material evidence relating to the period on or before the date of the ALJ decision. 20 C.F.R. § 416.1470(b); see also Wilkins, 953 F.2d at 95 (construing same language in 20 C.F.R. § 404.970(b)). Evidence is new if it is not duplicative or cumulative, and it is material "if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins, 953 F.2d at 96. As discussed above, all of the additional evidence proffered by Ms. Perrotta is duplicative, cumulative, or immaterial.

---

feet. That it was not his feet themselves that were the problem, but the ligaments in his hips. That Dr. stated [S.J.P.] needed to be seen by an orthopedic surgeon to correct it."). The mere fact that surgery may be required does not establish a disabling, or even severe, impairment. See McDaniel v. Astrue, No. CV 308-076, 2009 WL 2777716, at *7 (July 31, 2009).

Accordingly, the Court FINDS that the additional evidence purportedly submitted by the plaintiff to the Appeals Council is not new and material, and, therefore, any decision by the Appeals Council to deny review was not reached based upon a misapplication of law with respect to this additional evidence.

### B. Legal Representation

In her motion for summary judgment, Ms. Perrotta notes in passing that "I also believe going to the hearing without legal council [sic] prevented my son from receiving a favorable decision." Pl.'s Mot. for Summ. J., ECF No. 19. The plaintiff's motion papers do not discuss this claim any further.

A claimant has a right to be represented by an attorney in Social security cases. See 20 C.F.R. §§ 416.1500, .1505. But the Commissioner and his designee, the ALJ, have no duty to insist that a claimant is so represented. Marsh v. Harris, 632 F.2d 296, 300 (4th Cir. 1980). The mere absence of counsel is not grounds for reversal or remand, so long as the claimant receives a full and fair hearing of his claim. See Sims v. Harris, 631 F.2d 26, 27-28 (4th Cir. 1980).

Ms. Perrotta identifies no prejudice suffered by S.J.P. beyond her generalized subjective impression that legal representation would have changed the outcome of the ALJ's decision. The Court notes that, prior to the ALJ hearing, Ms. Perrotta and S.J.P. received written notice of his right to representation, as well as

contact information for obtaining a private attorney, including several pro bono legal organizations. R. 96-112.  At the hearing, the ALJ expressly advised Ms. Perrotta of S.J.P.'s right to representation and suggested that S.J.P. would likely qualify for free legal representation. R. 30-31.  The ALJ offered to continue the hearing for 30 days to permit Ms. Perrotta to retain an attorney for S.J.P., but she declined.  R. 31.  The transcript of the 39-minute hearing suggests that the ALJ discussed in detail the hearing process, the relevant evidence, and any other concerns Ms. Perrotta had.  R. 32-56.  On this record, there is nothing to suggest that S.J.P. did not receive a full and fair hearing of his claim.

Accordingly, the Court FINDS that the ALJ's decision in this respect was reached based upon a correct application of the relevant law.

## C. Adult Listings of Impairments

Ms. Perrotta challenges the ALJ's decision on the ground that the ALJ evaluated S.J.P.'s impairments based on listings that pertain to adults rather than to children.  This claim is simply meritless.

The ALJ evaluated S.J.P.'s impairments under Section 112.00 Mental Disorders, found in part B of Appendix 1, and Section 12.00 Mental Disorders, found in part A of Appendix 1.  R. 12.  Part B listings contain criteria that apply only to children, and the ALJ

necessarily evaluated S.J.P.'s impairments under part B first.  See 20 C.F.R. § 416.925(b)(2).  Part A listings contain criteria that ordinarily apply to adults.  See id. § 416.925(b)(1).  But Social Security regulations provide that, "[i]f the criteria in part B do not apply, [the ALJ] may use the criteria in part A when those criteria give appropriate consideration to the effects of the impairment(s) in children."  Id. § 416.925(b)(2); see also id. § 416.925(b)(1) ("We may also use part A for individuals who are under age 18 if the disease processes have a similar effect on adults and children.").  Because the ALJ first evaluated S.J.P.'s impairments under Section 112.00, pertaining to children, before evaluating his impairments under Section 12.00, pertaining to adults, there was no error.

Accordingly, the Court FINDS that the ALJ's decision in this respect was reached based upon a correct application of the relevant law.

## D. Evaluation Under Wrong Listings

Ms. Perrotta challenges the ALJ's decision on the ground that the ALJ evaluated S.J.P.'s impairments based on the wrong listings.

At step two, the ALJ found that the medical evidence of record established that S.J.P. had severe impairments of ADHD and a learning disability.  R. 11.  At step three, the ALJ evaluated S.J.P.'s impairments under Sections 112.00 and 12.00 of the listings at 20 C.F.R., Part 404, Subpart P, Appendix 1.  R. 12.

The ALJ specifically considered listings 112.02 and 12.02, pertaining to organic mental disorders, and listings 112.08 and 12.08, pertaining to personality disorders.  <u>Id.</u>

Curiously, despite finding that S.J.P.'s ADHD was severe at step two, the ALJ failed to discuss or even reference listing 112.11, which sets forth criteria for the listed impairment of Attention Deficit Hyperactivity Disorder, at step three.[15]  Under listing 112.11, a child meets the requirements for Attention Deficit Hyperactivity Disorder if he has medically documented findings of marked inattention, marked impulsiveness, and marked hyperactivity, plus two of the age-appropriate criteria set forth

---

[15] It is also curious that the ALJ referenced the personality disorder listings, 112.08 and 12.08, despite the absence of any suggestion in the record that S.J.P. suffered from a personality disorder.  While there is mention of possible bipolar disorder in S.J.P.'s application for benefits, his medical history, and his school records, bipolar disorder is a mood disorder specifically addressed by listings 112.04 and 12.04.
    The Court notes that it finds no error in the ALJ's omission of S.J.P.'s alleged bipolar disorder at step three, given the absence in the record of any documented diagnosis of bipolar disorder.  But the Court further notes that, based on the additional evidence proffered by Ms. Perrotta and discussed above, a psychologist formally diagnosed S.J.P. with bipolar disorder in September 2010, shortly after the ALJ hearing, and suggested that additional treatment measures beyond ADHD medication would be necessary.  This subsequent diagnosis and any related treatment may be relevant to the ALJ's reconsideration on remand, provided S.J.P. submits supplemental evidence to better establish this additional impairment and any related limitations.  See Seavey, 276 F.3d at 13 ("Unlike sentence six, sentence four does not contain any statutory limits on the ability to supplement the record on remand.").

in paragraph B2 of listing 112.02.[16] For a child of S.J.P.'s age, these additional criteria from listing 112.02 are: (1) marked impairment in age-appropriate cognitive/communicative function; (2) marked impairment in age-appropriate social functioning; (3) marked impairment in age-appropriate personal functioning; and (4) marked difficulties in maintaining concentration, persistence, or pace.

The ALJ appears simply to have failed to consider listing 112.11. The ALJ's decision contains no discussion reflecting a comparison of the symptoms, signs, and clinical findings about S.J.P.'s ADHD impairment, as shown in the medical evidence of record, with the medical criteria identified in the ADHD listing in Appendix 1. The Commissioner suggests that the ALJ implicitly considered listing 112.11 when he wrote that "the claimant's impairments were evaluated under section 112.00 Mental Disorders," which includes listing 112.11, and concluded that "[a]lthough severe, these impairments are not attended with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments." R. 12. But the ALJ's omission of any reference to the ADHD listing, in contrast with his express consideration of other specific listings

---

[16] The Court notes that the ALJ expressly found that S.J.P. did not meet the criteria of listing 112.02, but due to the ambiguity of the ALJ's 112.02 finding, the Court is unable to infer any findings with respect to the specific paragraph B2 criteria incorporated by reference into listing 112.11.

pertaining to organic brain disorders and personality disorders,[17] leaves the Court with "grave reservations as to whether [the ALJ's] factual assessment addressed adequately the criteria" of listing 112.11. Scott v. Barnhart, 297 F.3d 589, 595 (7th Cir. 2002). Because the ALJ failed to consider listing 112.11, pertaining to Attention Deficit Hyperactivity Disorder, or to adequately articulate the basis for his conclusion that S.J.P.'s impairments did not meet or medically equal any of the listings, the ALJ's decision is not supported by substantial evidence. See Scott, 297 F.3d at 595; see also Wyatt v. Comm'r, No. 1:10-CV-00887, 2011 WL 2117618, at *10 (W.D. La. Apr. 25, 2011); Ellington v. Astrue, No. 2:07cv789, 2008 WL 1805435, at *8 (M.D. Ala. Apr. 18, 2008); Wilson v. Callahan, No. 96-CV-0121, 1997 WL 714863, at *5 (W.D.N.Y. Oct. 24, 1997); cf. Slen v. Astrue, No. 1:09cv607, 2010 WL 2640298, at *8 (E.D. Va. May 12, 2010) ("[T]he court can only review the ALJ's stated grounds for a decision.") (citing SEC v. Chenery Corp., 318 U.S. 80, 93-95 (1943)).

Accordingly, the Court FINDS that the ALJ's decision in this respect was not supported by substantial evidence.

---

[17] The Court notes that even the ALJ's express references to listings 112.02, 12.02, 112.08, and 12.08, do not discuss the claimant's symptoms, signs and clinical findings or the listings' specific criteria. Given the ALJ's previous determination that the medical evidence has established a severe impairment of ADHD, a similarly perfunctory treatment likely would not constitute an adequate evaluation of S.J.P.'s ADHD.

## E. Conclusion

Because the ALJ evaluated S.J.P.'s impairments based on the wrong listings, the Court has found that the ALJ's decision was not supported by substantial evidence. As such, a remand is the appropriate disposition. See Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003); Seavey v. Barnhart, 276 F.3d 1, 10 (1st Cir. 2001); Tyler v. Weinberger, 409 F. Supp. 776, 790 (E.D. Va. 1967) (citing Taylor v. Weinberger, 512 F.2d 664, 668 (4th Cir. 1975) ("When the case is one that turns upon an inadvertent or procedural technical flaw in the administrative process that reasonably ought to be subject to correction, remand is ordinarily the proper course.")).

Section 405(g) requires the Court to enter judgment before officially remanding the case. Accordingly, the Court recommends vacating the ruling of the Commissioner. See Ford v. Apfel, No. 97-3601, 1998 WL 614190, at *2 (E.D. La. Sept. 10, 1998).

## VII. RECOMMENDATION

For the foregoing reasons, the Court recommends that the defendant's motion for summary judgment (ECF No. 20) be DENIED, the plaintiff's motion for summary judgment (ECF No. 19) be GRANTED to the extent it seeks reversal and remand of the Commissioner's decision and DENIED to the extent that it seeks entry of an order directing the award of benefits, and the Commissioner's decision be

VACATED and REMANDED for further proceedings consistent with this Report.

## VIII. <u>REVIEW PROCEDURE</u>

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a <u>de novo</u> determination of those portions of this Report or specified findings or recommendations to which objection is made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>,

474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 18 , 2012

- 27 -

## **Clerk's Mailing Certificate**

A copy of the foregoing Report was mailed this date to the following:

Dawn M. Perrotta
5333 Chatham Hall Drive
Virginia Beach, VA  23464
    on *behalf of plaintiff S.J.P.*

Virginia L. Van Valkenburg, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA  23510
    *Counsel for defendant Michael J.*
    *Astrue, Commissioner of Social*
    *Security*


                                    Fernando Galindo,
                                    Clerk of Court

                    By:   _____
                          Deputy Clerk

                          January 13 , 2012